IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY E. MILES,
    Petitioner

v.

DANIEL S. KEEN, et al.,
    Respondents

NO. 3:12-CV-01022

(JUDGE NEALON)

**MEMORANDUM**

On May 30, 2012, the instant Petition for Writ of Habeas Corpus was filed by Petitioner, Jeffrey E. Miles, currently incarcerated at the Franklin County Jail in Chambersburg, Pennsylvania. (Doc. 1). Petitioner, who has been detained without bail and is charged with criminal homicide, alleges that he is being denied his constitutional right to a speedy trial. (Docs. 1 & 2). Following a response filed by the Pennsylvania Attorney General, Magistrate Judge J. Andrew Smyser, on July 5, 2012, filed a Report and Recommendation ("R&R") recommending that the Petition be dismissed without prejudice for the Petitioner's failure to exhaust state court remedies. (Doc. 9). On July 23, 2012, Petitioner filed Objections to the R&R which are now ripe for disposition. (Doc. 10). For the reasons stated below, the Objections will be overruled and the R&R will be adopted.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination

where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). Conversely, in the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3.

**Discussion**

In his R&R, Magistrate Judge Smyser noted that only under exceptional circumstances should a federal court issue a writ of habeas corpus without exhaustion of state court remedies during the pre-trial stages of a state criminal proceeding. (Doc. 9, pp. 2-3), citing Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975). The Magistrate Judge concluded that Petitioner has not set forth extraordinary circumstances to justify an exception to the exhaustion requirement as Petitioner's case is a capital murder case and the trial court has addressed pre-trial issues and has scheduled a trial date. (Doc. 9, p. 3).

In his Objections, Petitioner argues that his situation equates to extraordinary circumstances because the trial court has not ruled on any of his pro se speedy trial motions for over two (2) years. (Doc. 10, pp. 2-3).

2

A review of his Court of Common Pleas of Franklin County docket sheet reveals that Petitioner was taken into custody on April 6, 2010. Commonwealth v. Miles, Pennsylvania Court of Common Pleas of Franklin County, CP-28-CR-0001427-2010. The docket also reveals a series of delays caused by filings by the defense and by Petitioner, pro se, including, a motion for a mental health evaluation, request for Bill of Particulars, multiple motions for a continuance by the defense, multiple discovery requests, several requests for additional appointments of experts, a motion for disqualification of the court, a motion challenging the sufficiency of the evidence, and a motion to suppress and a hearing on such. Id. Most recently, the defense delayed the matter by requesting additional time for a mitigation expert on November 13, 2012, and the appointment of an investigator on November 29, 2012. Id. at 33-34. The delay of the trial was largely caused by Petitioner, and, there are no extraordinary circumstances requiring exception to the exhaustion rule.

On March 9, 2012, Petitioner did file a motion under the speedy trial rule in state court and a second motion under the speedy trial rule on May 23, 2012, seven (7) days prior to the instant Petition for Writ of Habeas Corpus. Id. at p. 28-29. Following the March 9, 2012 motion, the trial court, on March 19, 2012, granted the request of Petitioner's counsel for time to amend or request a hearing on the motion under the speedy trial rule and ordered that any amendment or request for hearing should be filed no later than April 16, 2012. Id. at 28. No amendment or request for hearing was filed, more than likely due to the futility of such an amendment or request, as the delays have been largely the cause of the defense. Id. The trial court has not yet ruled on the pro se motions, and this Court will not entertain the current Petition until after state court exhaustion. As stated, Petitioner has not presented extraordinary

circumstances.

## **Conclusion**

A de novo review reveals that extraordinary circumstances are not presented to excuse exhaustion. Accordingly, the Petition will be dismissed without prejudice.

Date: January 8, 2013                           **United States District Judge**